# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Senior Judge Christine M. Arguello

Criminal Case No. 15-cr-00147-CMA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

ROBERT VANDORI JOHNSON,

     Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND AND PETIT JURY SELECTION RECORDS

---

This matter is before the Court on Defendant Robert Vandori Johnson's Motion for Disclosure of Grand and Petit Jury Selection Records and Notice of Intent to Challenge Jury Selection Procedures. (Doc. # 145.) For the following reasons, the Motion is denied.

Mr. Johnson was charged by indictment on April 6, 2015, with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. # 16.) On November 10, 2015, Mr. Johnson pleaded guilty to the charge. (Doc. # 70.) This Court sentenced Mr. Johnson to 40 months in prison and 3 years of supervised release on March 7, 2016. (Doc. # 96.)[1] Mr. Johnson served his prison

---

[1] Mr. Johnson appealed, but he moved to dismiss his appeal within two months. (Doc. ## 98, 110.) He has not filed any motion for collateral review pursuant to 28 U.S.C. § 2255.

sentence in this case and is now scheduled to appear before the Court for a violation of his supervised release. (Doc. # 144.)

In the instant Motion (Doc. # 145), Mr. Johnson seeks disclosure of grand and petit jury selection records and states his intent to challenge jury selection under the Sixth Amendment, the Equal Protection Clause of the Fifth Amendment, and the Jury Selection and Service Act of 1968 ("JSSA"). In its Response (Doc. # 147), the Government argues that Mr. Johnson's motion is untimely and barred by his plea agreement. The Court agrees with the Government.

As an initial matter, because Mr. Johnson pleaded guilty, no petit jury was called for service in this case. Mr. Johnson's request for petit jury records is therefore without basis and denied as moot.

Second, Mr. Johnson is barred from challenging the grand jury selection procedure in this case and requesting grand jury records because he waived his right to challenge his prosecution, conviction, or sentence except under the circumstances provided in the limited appellate waiver within his plea agreement. *See* (Doc. # 71 at 2–3.) The limited appellate waiver permits Mr. Johnson to raise a collateral attack if "(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct." (*Id.* at 3.) None of those circumstances apply to Mr. Johnson's jury selection challenge, and, in any event, the one-year time period for Mr. Johnson to file a collateral challenge is long expired. *See* 28 U.S.C. § 2255(f).

Even if Mr. Johnson's jury challenge was not barred by his plea agreement, the Motion is untimely. Mr. Johnson seeks to challenge the grand jury selected in this case nearly eight years after he was indicted and nearly seven years after judgment entered. Although Federal Rule of Criminal Procedure 6(b) permits a defendant to (1) "challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected" and (2) "move to dismiss the indictment based on an objection to the grand jury," such challenges are subject to the procedures outlined in Federal Rule of Criminal Procedure 12. *See Davis v. United States*, 411 U.S. 233, 238 (1973). Rule 12(b)(3) states that a defense or objection identifying a defect in the prostitution, including "(v) an error in the grand-jury proceeding," must be raised in a motion *before* trial. Moreover, the Supreme Court has made clear that Rule 12 precludes untimely challenges to grand jury arrays, even when, as here, such challenges are on constitutional grounds. *Davis*, 411 U.S. at 238; *see also United States v. Sanders*, 368 F. App'x 870, 872 (10th Cir. 2010) (unpublished) (noting that defendant was barred from raising a constitutional challenge to jury procedures in part because the defendant was time-barred from filing a 28 U.S.C. § 2255 petition).

Finally, the JSSA also precludes Mr. Johnson's jury selection challenge. 28 U.S.C. § 1867(a) provides:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

"Strict compliance with these procedural requirements is essential." *United States v.*

3

*Contreras*, 108 F.3d 1255, 1266 (10th Cir. 1997). The Court finds that Mr. Johnson has not complied with these procedural requirements and provides no grounds for raising a challenge to the grand jury selected in this case nearly eight years after the fact. *See, e.g.*, *United States v. Stein*, 985 F.3d 1254, 1263 (10th Cir. 2021) (holding that defendants' JSSA challenge was procedurally barred and also failed on the merits because defendants failed to establish a substantial failure to comply with the Act). There is therefore no basis under the JSSA for disclosure of grand jury selection records in this case. *See* 18 U.S.C. § 1867(f).

For these reasons, Mr. Johnson's Motion for Disclosure of Grand and Petit Jury Selection Records and Notice of Intent to Challenge Jury Selection Procedures (Doc. # 145) is DENIED.

DATED:  February 22, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge